56 CCPA

### Application of Robert W. ELLMS.
### Patent Appeal No. 8034.

United States Court of Customs and Patent Appeals.

Nov. 27, 1968.

John W. Renner, Cleveland, Ohio, Ober-lin, Maky, Donnelly & Renner, Washington, D. C., for appellant.

Joseph Schimmel, Washington, D. C., (Fred W. Sherling, Washington, D. C., of counsel) for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, SMITH, ALMOND, and BALD-WIN, Judges.

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of claims 18–20 and 25–31 of application serial No. 232,200, filed October 22, 1962, entitled "Mold and Core Blowing Machine." No claim has been allowed.

The invention is directed to the production of resin-bonded sand foundry articles such as molds and cores used in the manufacture of metal castings. In the art, such articles have been produced by blowing a thermosetting resin and sand mix into a core box having separable top and bottom sections, these sections being called the "cope" and "drag," respectively. The core box has patterned inner surfaces for forming the exterior surface of the blown article. In prior art processes, after the mold or core has been heat-cured, the cope is lifted off the drag, and the sand article is elevated to a position intermediate the cope and drag by means of pins projecting through the bottom of the drag. The mold or core is then removed from the blowing machine either manually or by means of a carriage having ejection rods which are moved under the product.

Appellant's process differs from that just described in that after the cope is removed, the drag is *inverted* and the product is then pushed or pulled downwardly out of the inverted drag onto a conveyor by which the product is removed from the blowing machine. Claim 18 is representative of the appealed claims, all of which are method claims:

18. The method of forming foundry cores which comprises the steps of assembling a core and drag to form a core box, filling such box with a sand-resin mix, heating such core box at least partially to harden such core, drawing the core from such cope, inverting such drag, and drawing such core from such drag to place the core on a conveyor.

The rejection is based on 35 U.S.C. § 103, three United States patents being relied on:

| | | |
|---|---|---|
| Sutter | 2,856,653 | Oct. 21, 1958 |
| Sutter | 2,867,017 | Jan. 6, 1959 |
| Deakins et al. | 2,956,319 | Oct. 18, 1960 |

The two Sutter patents disclose the prior art procedures described above and are relied on alternatively as the primary reference. Deakins discloses a procedure for removing *cast* metal articles from sand molds such as those which might be produced by the methods of Sutter and appellant. In Deakins' method, the drag containing the casting is merely turned over and the casting is allowed to drop onto a horizontal metal plate from which it is subsequently transported to a sand shake-out device where the casting's sand core and any sand adhering to the outside of the casting are removed.

The examiner took the position that, in view of the teachings of Deakins, it would be obvious to modify the Sutter *method* to the extent of inverting the drag and then removing the mold or core downwardly onto a conveyor. We agree. Appellant, however, observes that if a sand article produced by the claimed method were allowed to drop from the inverted drag as the casting is allowed to drop in Deakins' method, "the article would in all probability be damaged beyond use." We think this observation, regardless of its truth, is of little consequence, for we agree with the board that

> * * * it seems * * * elementary and a matter of common sense that if the drop is found to be injurious to the molded articles, the extent of the drop should be reduced and/or some cushioning means be employed * * *.

Appellant's only other argument is that the artisan of ordinary skill would not know how to modify the apparatus of either Sutter reference to provide inversion of the drag. We not only consider this to be merely an unsupported assertion, but also consider it to be irrelevant since no apparatus for providing inversion of the drag in the Sutter apparatus is necessary to render obvious appellant's claimed *process*.

The decision of the board is affirmed.

Affirmed.

SMITH, J., participated in the hearing of this case but died before a decision was reached.